JUDGE RAKOFF

Torys LLP
237 Park Avenue, 20th Floor
New York, New York 10017
212.880.6000
David Wawro (DW 3282)

Attorneys for Plaintiff Thomson Works of Art Limited

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CIV 8522**

------------------------------------------------------

THOMSON WORKS OF ART LIMITED

                Plaintiff,

      - against -

SALANDER O'REILLY GALLERIES LLC,
LAWRENCE B. SALANDER, and JOHN DOE

                Defendants

                Case No.

                **COMPLAINT**

------------------------------------------------------ x

        Plaintiff Thomson Works of Art Limited, by its attorneys, Torys LLP, for its complaint against Salander O'Reilly Galleries LLC, Lawrence B. Salander, and John Doe states as follows:

### THE PARTIES

    1.    Plaintiff Thomson Works of Art Limited ("Thomson Ltd.") is a corporation formed under the laws of Alberta, Canada, with its principal place of business in Ontario, Canada.

2.      Defendant Salander O'Reilly Galleries LLC (the "Gallery") is a limited liability company organized under the laws of the State of New York.  The members of the Gallery are citizens of New York and Minnesota.

3.      Defendant Lawrence B. Salander ("Salander") is a citizen of New York and is the managing member of the Gallery.   Salander and the Gallery are engaged in the business of buying and selling fine art.

4.      Upon information and belief, defendant John Doe is an individual citizen of a state of the United States.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a)(2) because (i) Thomson Ltd. is an Alberta corporation with its principal place of business in Ontario, Canada; (ii) the Gallery is a New York limited liability company whose members are citizens of New York and Minnesota; (iii) Salander is a citizen of New York; (iv) John Doe is believed to be a citizen of a state of the United States; and (v) the amount in controversy, exclusive of interest and costs, exceeds $75,000.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because this is the judicial district in which a substantial part of the events that give rise to the claims herein occurred.

## FACTS RELEVANT TO THE CLAIMS FOR RELIEF

7.      The late Kenneth R. Thomson ("Thomson") was a Canadian businessman, investor and art collector.  Prior to his death in June 2006, he was the president of Thomson Ltd., a corporation formed by the Thomson family to collect works of art.  The executors of

Thomson's estate have assigned to Thomson Ltd. the estate's claims against Salander, the Gallery and John Doe arising from the facts and circumstances described herein.

8.      In September 1982, Thomson acquired an oil painting by the American artist Charles M. Russell entitled "Pirates of the Plains" (the "Painting").

9.      In July 2003, Thomson asked Salander to assess the market for the Painting.

10.     Shortly thereafter, Salander advised Thomson that he had found a potential purchaser for the Painting. He asked Thomson to send the Painting to him in New York and Thomson did so on or about July 24, 2003.

11.     Salander and Thomson agreed that Salander would try to sell the painting on Thomson's behalf for $6 million dollars and was authorized to sell it for as low as $5.5 million dollars.

12.     On or about August 25, 2003, Salander told Thomson that Salander had accepted on Thomson's behalf an offer to purchase the Painting for $5.6 million dollars, to be paid by the buyer in two installments: the first $2 million dollars on September 30, 2003, and the balance of $3.6 million dollars by December 30, 2003. Salander did not disclose the name of the buyer to Thomson.

13.     Upon information and belief, Salander delivered the Painting to the buyer for inspection on August 14, 2003, prior to purchase, and the buyer, referred to herein as John Doe, has had possession of the Painting since that date.

14.     Upon information and belief, John Doe paid the first installment of the purchase price of the Painting to Salander. On December 19, 2003, Salander remitted the sum of $2

million dollars to Thomson, representing the first installment. In addition, on February 6, 2004, Salander remitted another $500,000 representing a portion of the second installment.

15.    Neither Thomson nor his estate has received the balance of the second installment of the purchase price, $3.1 million dollars, that was due from John Doe on December 30, 2003.

16.    From time to time before he died, Thomson demanded that Salander collect from John Doe and remit to Thomson the $3.1 million dollar balance of the purchase price of the Painting, or identify John Doe so that Thomson himself could collect the outstanding balance. Salander refused to identify John Doe and claimed that John Doe refused to pay the outstanding balance because of a dispute over Thomson's right to sell the Painting.

17.    An individual claiming a prior option to purchase the Painting commenced an action in September 2003, in the Superior Court of Justice in Ontario, Canada, against Thomson and Thomson Ltd., challenging Thomson's right to sell the Painting during his lifetime. Salander, the Gallery and John Doe were later added as defendants in that case. That action remains pending as of the date hereof and the Ontario court has not made any determination on the merits of the dispute.

## FIRST CLAIM FOR RELIEF: BREACH OF CONTRACT
### (against Salander and the Gallery)

18.    Salander, individually and as a managing member of the Gallery, agreed that he and the Gallery would act as agents for Thomson to sell the Painting and collect the proceeds from the buyer.

19.    Thomson performed all of his obligations to Salander and the Gallery.

20.    Salander and the Gallery breached their agreement with Thomson by failing to collect the full purchase price of the Painting from John Doe or, if they collected the full

purchase price, by failing to remit the full proceeds to Thomson, causing damages to Thomson of not less than $3.1 million dollars.

21.     By reason of the foregoing, Thomson Ltd., as assignee of the claims of the Thomson estate, is entitled to a judgment against Salander and the Gallery, jointly and severally, in an amount not less than $3.1 million dollars, plus interest.

## SECOND CLAIM FOR RELIEF: BREACH OF FIDUCIARY DUTIES
### (against Salander and the Gallery)

22.     Salander and the Gallery, as art merchants to which Thomson consigned the Painting, were agents of Thomson and owed Thomson fiduciary duties, including the duty of loyalty and the duty to act in the utmost good faith and in the interest of Thomson throughout their relationship.

23.     In breach of their fiduciary duties, Salander and the Gallery sold the Painting to John Doe and either failed to collect the full purchase price from John Doe or, if they collected the full purchase price, defalcated the proceeds of the sale.

24.     The breaches of fiduciary duties by Salander and the Gallery caused damages to Thomson of not less than $3.1 million dollars.

25.     By reason of the foregoing, Thomson Ltd., as assignee of the claims of the Thomson estate, is entitled to a judgment against Salander and the Gallery, jointly and severally, in an amount not less than $3.1 million dollars, plus interest.

## THIRD CLAIM FOR RELIEF: BREACH OF CONTRACT
### (against John Doe)

26.    John Doe entered into an agreement with Thomson, through his agents, Salander and the Gallery, to purchase the Painting for $5.6 million dollars payable in installments of $2 million dollars on September 30, 2003, and $3.6 million dollars on December 30, 2003.

27.    Thomson, through his agents, Salander and the Gallery, delivered the Painting to John Doe on or about August 14, 2003, and Thomson has otherwise performed all of his obligations to John Doe.

28.    Upon information and belief, John Doe has failed and refused to pay the entire purchase price in breach of his agreement with Thomson, causing damages to Thomson of not less than $3.1 million dollars.

29.    By reason of the foregoing, Thomson Ltd., as assignee of the claims of the Thomson estate, is entitled to a judgment against John Doe in an amount not less than $3.1 million dollars, plus interest.

## RELIEF REQUESTED

WHEREFORE, plaintiff respectfully prays for and demands judgment be granted in its favor and against defendants as follows:

    (i)    on the first claim for relief awarding damages against Salander and the Gallery, jointly and severally, in an amount to be determined at trial but not less than $3.1 million dollars, plus interest;

    (ii)    on the second claim for relief awarding damages against Salander and the Gallery, jointly and severally, in an amount to be determined at trial but not less than $3.1 million dollars, plus interest;

    (iii)    on the third claim for relief awarding damages against John Doe in an amount to be determined at trial but not less than $3.1 million dollars, plus interest; and

(iv)    on all claims for relief all costs and such other and further relief as the Court deems just and proper.


Dated:    New York, New York
          October 2, 2007

                          TORYS LLP

                          By:    s/ _____
                                 David Wawro (DW 3282)
                                 Sarah Jensen  (SJ 6154)
                          237 Park Avenue
                          New York, New York 10017
                          Telephone: (212) 880-6000
                          Attorneys for Plaintiff

8010135
01776-2006