Torys LLP
237 Park Avenue, 20th Floor
New York, New York 10017
212.880.6000
David Wawro (DW 3282)



Attorneys for Plaintiff Thomson Works of Art Limited

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

THOMSON WORKS OF ART LIMITED,

         Plaintiff,

    - against -

SALANDER O'REILLY GALLERIES LLC and
LAWRENCE B. SALANDER

         Defendants

------------------------------------------------------------------ x

Case No. 07 Civ. 8522 (JSR)

**SECOND AMENDED
COMPLAINT**

    Plaintiff Thomson Works of Art Limited, by its attorneys, Torys LLP, for its

second amended complaint against defendants Salander O'Reilly Galleries LLC and Lawrence

B. Salander states as follows:

### THE PARTIES

   1.   Plaintiff Thomson Works of Art Limited ("Thomson Ltd.") is a corporation

formed under the laws of Alberta, Canada, with its principal place of business in Ontario,

Canada.

- 2 -

2.    Defendant Salander O'Reilly Galleries LLC (the "Gallery") is a limited liability company organized under the laws of the State of New York.  The members of the Gallery are citizens of New York and Minnesota.

3.    Defendant Lawrence B. Salander ("Salander") is a citizen of New York and is the managing member of the Gallery.  Salander and the Gallery are engaged in the business of buying and selling fine art.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a)(2) because (i) Thomson Ltd. is an Alberta corporation with its principal place of business in Ontario, Canada; (ii) the Gallery is a New York limited liability company whose members are citizens of New York and Minnesota; (iii) Salander is a citizen of New York; and (iv) the amount in controversy, exclusive of interest and costs, exceeds $75,000.

5.    Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because this is the judicial district in which a substantial part of the events that give rise to the claims herein occurred.

## FACTS RELEVANT TO THE CLAIMS FOR RELIEF

6.    The late Kenneth R. Thomson ("Thomson") was a Canadian businessman, investor and art collector.  Prior to his death in June 2006, he was the president of Thomson Ltd., a corporation formed by the Thomson family to collect works of art.  The executors of Thomson's estate have assigned to Thomson Ltd. the estate's claims against Salander and the Gallery arising from the facts and circumstances described herein.

7.      In September 1982, Thomson acquired an oil painting by the American artist Charles M. Russell entitled "Pirates of the Plains" (the "Painting").

8.      In July 2003, Thomson asked Salander to assess the market for the Painting.

9.      Shortly thereafter, Salander advised Thomson that he had found a potential purchaser for the Painting. He asked Thomson to send the Painting to him in New York and Thomson did so on or about July 24, 2003.

10.     Salander and Thomson agreed that Salander would try to sell the painting on Thomson's behalf for $6 million dollars and was authorized to sell it for as low as $5.5 million dollars.

11.     On or about August 25, 2003, Salander told Thomson that Salander had accepted on Thomson's behalf an offer to purchase the Painting for $5.6 million dollars, to be paid by the buyer in two installments: the first $2 million dollars on September 30, 2003, and the balance of $3.6 million dollars by December 30, 2003. Salander did not disclose the name of the buyer to Thomson.

12.     Upon information and belief, Salander delivered the Painting to the buyer for inspection on August 14, 2003, prior to purchase, and the buyer has had possession of the Painting since that date.

13.     Upon information and belief, the buyer paid the first installment of the purchase price of the Painting to Salander. On December 19, 2003, Salander remitted the sum of $2 million dollars to Thomson, representing the first installment.

14.     Unbeknownst to Thomson, upon information and belief, the buyer also paid the second installment at or about the time it was due. Salander and the Gallery did not remit the

- 4 -

proceeds to Thomson and instead, upon information and belief, retained the $3.1 million balance for their own use. Salander intentionally deceived Thomson by repeatedly telling him, and others who inquired on his behalf, that the buyer refused to pay the balance of the purchase price because of a dispute over Thomson's right to sell the Painting.

15.     An individual claiming a prior option to purchase the Painting commenced an action in September 2003, in the Superior Court of Justice in Ontario, Canada, against Thomson and Thomson Ltd., challenging Thomson's right to sell the Painting during his lifetime. In May 2004, Salander and the Gallery were added as defendants in that case. That action remains pending as of the date hereof and the Ontario court has not made any determination on the merits of the dispute.

16.     On or about January 6, 2004, when the second installment payment of $3.6 million was due but unpaid, David Binet, Thomson Ltd.'s Executive Vice President and Secretary, on behalf of Thomson telephoned Salander to discuss payment. Salander falsely told Binet that the buyer had not paid the balance of the purchase price because the buyer was concerned that his title to the Painting was at risk.

17.     On or about January 30, 2004, Binet on behalf of Thomson again spoke with Salander about the unpaid balance of the purchase price. Salander falsely told Binet that he had convinced the buyer to pay another $750,000 but that the buyer still refused to pay the full purchase price because he had received advice that there was a cloud on his title to the Painting.

18.     On February 6, 2004, Salander remitted another $500,000 of the purchase price to Thomson.

19.     Thereafter, Salander continued falsely to represent to Thomson and Binet that the buyer had not paid the balance of the purchase price, including at a meeting on or about June 9, 2004, between Binet and Salander at the Gallery in New York City and in a telephone conversation between Thomson and Salander on or about May 12, 2005.  Each time, Salander falsely stated that the buyer had not paid for the Painting in full because of his concerns regarding title.

20.     Salander knowingly made the foregoing false statements in order to deceive Thomson and delay Thomson's attempts to recover the proceeds of the sale of the Painting so that Salander could retain those proceeds for his own use or the use of the Gallery.

## FIRST CLAIM FOR RELIEF: BREACH OF CONTRACT
### (against Salander and the Gallery)

21.     Salander, individually and as a managing member of the Gallery, agreed that he and the Gallery would act as agents for Thomson to sell the Painting and collect the proceeds from the buyer.

22.     Thomson performed all of his obligations to Salander and the Gallery.

23.     Salander and the Gallery breached their agreement with Thomson by failing to remit the full proceeds to Thomson, causing damages to Thomson of not less than $3.1 million dollars.

24.     By reason of the foregoing, Thomson Ltd., as assignee of the claims of the Thomson estate, is entitled to a judgment against Salander and the Gallery, jointly and severally, in an amount not less than $3.1 million dollars, plus interest.

- 6 -

## SECOND CLAIM FOR RELIEF: BREACH OF FIDUCIARY DUTIES
### (against Salander and the Gallery)

25.    Salander and the Gallery, as art merchants to which Thomson consigned the

Painting, were agents of Thomson and owed Thomson fiduciary duties, including the duty of

loyalty and the duty to act in the utmost good faith and in the interest of Thomson throughout

their relationship.

26.    In breach of their fiduciary duties, Salander and the Gallery defalcated the

proceeds of the sale of the Painting.

27.    The breaches of fiduciary duties by Salander and the Gallery caused damages to

Thomson of not less than $3.1 million dollars.

28.    By reason of the foregoing, Thomson Ltd., as assignee of the claims of the

Thomson estate, is entitled to a judgment against Salander and the Gallery, jointly and severally,

in an amount not less than $3.1 million dollars, plus interest.

## THIRD CLAIM FOR RELIEF: FRAUD
### (against Salander and the Gallery )

29.    Salander, individually and on behalf of the Gallery, knowingly made false

representations to Thomson and to Binet on behalf of Thomson that the buyer had refused to pay

the full purchase price of the Painting as detailed above.

30.    Salander made those false representations to induce Thomson to forbear from

enforcing his right to receive the full purchase price of the Painting so that Salander or the

Gallery could use the sale proceeds for their own purposes.

31.    Thomson justifiably relied upon Salander's false representations by forbearing

from enforcing his right to receive the full purchase price.

- 7 -

32.    As a result of that fraudulently-induced forbearance, Thomson was damaged in several respects including the loss of the proceeds of sale and the loss of the use of those proceeds.

33.    By reason of the foregoing, Thomson Ltd., as assignee of the claims of the Thomson estate, is entitled to a judgment against Salander and the Gallery, jointly and severally, in an amount not less than $3.1 million dollars, plus interest and punitive damages in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF: CONVERSION
### (against Salander and the Gallery)

34.    Salander and the Gallery, as agents, owed Thomson fiduciary duties and had a duty to timely deliver the proceeds from the sale of the Painting to Thomson.

35.    Thomson demanded payment of the $3.1 million unpaid balance of the Painting's purchase price, which Salander and the Gallery failed and refused to pay.

36.    Salander and the Gallery wrongfully converted $3.1 million of the proceeds, which rightfully belong to Thomson, from the sale of the Painting to their own use and benefit.

37.    By reason of the foregoing, Thomson Ltd., as assignee of the claims of the Thomson estate, is entitled to a judgment against Salander and the Gallery, jointly and severally, in an amount not less than $3.1 million dollars, plus interest.

## FIFTH CLAIM FOR RELIEF: CONSTRUCTIVE TRUST
### (against Salander and the Gallery)

38.    Salander and the Gallery, as agents, owed Thomson fiduciary duties and had a duty to timely deliver the proceeds from the sale of the Painting to Thomson.

39.    Upon locating a buyer for the Painting, Salander and the Gallery promised Thomson that they would deliver the proceeds from the sale of the Painting to Thomson.

40.    In reliance on the promise made by Salander and the Gallery, Thomson transferred the Painting to Salander and the Gallery for sale to the buyer.

41.    Salander and the Gallery received the proceeds from the sale of the Painting, but failed to deliver $3.1 million of the purchase price to Thomson, thus breaching their promise to Thomson.

42.    By failing to deliver $3.1 million of the purchase price for the Painting, in breach of their promise to Thomson, Salander and the Gallery have been unjustly enriched by that amount.

43.    Salander and the Gallery hold the undelivered proceeds from the sale of the Painting, in the amount of $3.1 million, plus interest, in trust for Thomson Ltd., as assignee of the claims of the Thomson estate.

## RELIEF REQUESTED

WHEREFORE, plaintiff respectfully prays for and demands judgment be granted in its favor and against defendants as follows:

(i)    on the first claim for relief awarding damages against Salander and the Gallery, jointly and severally, in an amount to be determined at trial but not less than $3.1 million dollars, plus interest;

(ii)    on the second claim for relief awarding damages against Salander and the Gallery, jointly and severally, in an amount to be determined at trial but not less than $3.1 million dollars, plus interest;

(iii)    on the third claim for relief awarding damages against Salander and the Gallery, jointly and severally, in an amount to be determined at trial but not less than $3.1 million dollars, plus interest and punitive damages;

(iv)    on the fourth claim for relief awarding damages against Salander and the Gallery, jointly and severally, in an amount to be determined at trial but not less than $3.1 million dollars, plus interest;

(v)    on the fifth claim for relief awarding damages against Salander and the Gallery, jointly and severally, in an amount to be determined at trial but not less than $3.1 million dollars, plus interest; and

(vi)    on all claims for relief all costs and such other and further relief as the Court deems just and proper.


Dated:    New York, New York
         October 24, 2007

                TORYS LLP

                By:   s/ David Wawro
                     David Wawro (DW 3282)
                     Sarah Jensen  (SJ 6154)
                237 Park Avenue
                New York, New York 10017
                Telephone: (212) 880-6000
                Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------  x
                                                                   :
THOMSON WORKS OF ART LIMITED                                       :   Case No. 07 Civ. 8522 (JSR)
                                                                   :
                                        Plaintiff,                :
                                                                   :
            - against -                                            :
                                                                   :
   SALANDER O'REILLY GALLERIES LLC and                            :
   LAWRENCE B. SALANDER                                            :
                                                                   :
                                        Defendants                :
                                                                   :
-----------------------------------------------------------------  x
```

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 24, 2007, a copy of the foregoing Second Amended Complaint was served via first-class mail, postage prepaid, upon Defendants' attorney David E. Mollon of Winston & Strawn LLP at 200 Park Avenue, New York, New York, 10166-4193.

Dated:    New York, New York
          October 24, 2007


                              TORYS LLP


                              By:   /s/Sarah Jensen
                                    Sarah Jensen  (SJ 6154)
                                    237 Park Avenue
                                    New York, New York 10017
                                    Telephone: (212) 880-6000
                                    Attorney for Plaintiff

8104233.1
01776-2006