UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------- x
THOMSON WORKS OF ART LIMITED,     :

               Plaintiff,    :        07 Civ. 8522 (JSR)

               -v-         :          ORDER

SALANDER O'REILLY GALLERIES LLC and :
LAWRENCE B. SALANDER,         :

               Defendants.   :
----------------------------------- x

JED S. RAKOFF, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12-4-07_

       On November 19, 2007, the day before an in-court conference
regarding an application made by plaintiff was scheduled in the
above-captioned case, John Moscow, Esq., bankruptcy counsel for
defendant Lawrence B. Salander, attempted to convene a conference
call with counsel for plaintiff and the Court to make an application
that the November 20 in-court conference be cancelled as no longer
required or, alternatively, that it be changed to a telephonic
conference.  Plaintiff's counsel David Wawro, Esq. instructed his
associate not to participate in that conference call.  The November
20 conference therefore went forward.  At the conference, Mr. Wawro's
associate confirmed that it was on Mr. Wawro's instruction that
plaintiff's counsel declined to participate in the conference call.
See transcript, 11/20/07.  Such instruction was a plain violation of
Rule 2 of this Court's rules of individual practice.  Accordingly,
the Court tentatively imposed a sanction of $5,000 on Mr. Wawro,
plus payment to Mr. Moscow of his fees and costs for attendance at
the conference, conditioned upon further consideration by the Court

if Mr. Wawro submitted an affidavit by November 27 justifying his
conduct.  See id.

On November 27, 2007, Mr. Wawro duly submitted an
affirmation, but, in the Court's view, failed to provide adequate
justification.  In essence, Mr. Wawro argued that because the in-
court conference scheduled for November 20 concerned an application
made by the plaintiff that Mr. Wawro believed should be handled in-
court, plaintiff's counsel did not have to participate in a call to
the Court regarding Mr. Moscow's application to cancel that
conference or hold it by telephone.  See Wawro Affirmation ¶ 9.  In
effect, Mr. Wawro was taking it upon himself to deny Mr. Moscow's
application by refusing to participate in the telephone conference
required to make the application.  This was a flagrant arrogation by
Mr. Wawro of the Court's prerogative.

Nonetheless, because in all prior proceedings in this case
Mr. Wawro has acted professionally, the Court is disinclined to
impose sanctions for his violation, provided reimbursement is made to
Mr. Moscow for any fees or expenses incurred in his having to travel
to and from, and appear in, court on November 20.  Accordingly, by
December 6, 2007, Mr. Moscow shall notify Mr. Wawro of what this
amount is, and if there is no dispute regarding that amount, Mr.
Wawro must pay it to Mr. Moscow by no later than December 13, 2007.
Promptly after making such payment, Mr. Wawro can then make a joint
call with Mr. Moscow to the Court to confirm the payment and to make
any further applications plaintiff has that would, but for this

2

unfortunate incident, have been dealt with at the November 20 in-court conference.  Alternatively, if Mr. Wawro challenges the amount provided by Mr. Moscow, he should convene a joint call with Mr. Moscow to the Court by no later than December 10 to deal with that challenge.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated:  New York, New York
        December 3, 2007